OPINION
Defendant-appellant Roy Dorton appeals the October 26, 1999 Judgment Entry of the Delaware County Court of Common Pleas, Division of Domestic Relations, which granted the parties a divorce, divided the parties' property, and established spousal and child support. Plaintiff-appellee is Cheryl Dorton.
 STATEMENT OF THE CASE AND FACTS
On August 31, 1998, appellee filed a complaint for divorce. The parties were married February 3, 1973, and three children were born as issue of the marriage. At the time of the complaint, the parties' oldest child, Travis Dorton, was emancipated. However, Tiffany Dorton, born 4/4/81, and Kevin Dorton, born 3/16/82, were still minor children.Kevin had been placed in foster care before the filing of the complaint. On February 22, 1999, Kevin was returned to the custody of appellant. On September 9, 1998, the trial court entered temporary restraining orders. Pursuant to this judgment entry, appellant was restrained from reducing, modifying, or terminating any health insurance coverage for appellee. The matter proceeded to a trial before the magistrate on April 6, 1999. Both appellant and appellee are hearing impaired and therefore, each testified through an interpreter. Subsequently, on June 3, 1999, the magistrate issued a decision granting the parties a divorce, allocating marital property, and awarding spousal support and child support. On June 16, 1999, appellant filed objections to the magistrate's decision. After reviewing appellant's objections, related pleadings, and the transcript, the trial court issued its Judgment Entry/Decree of Divorce on October 26, 1999. It is from this judgment entry appellant prosecutes this appeal, assigning as error the following:
 I. THE TRIAL COURT ERRED BY NOT FILING A DECISION AS TO DEFENDANT-APPELLANT'S OBJECTIONS.
 II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN NOT REQUIRING PLAINTIFF-APPELLEE TO PAY CHILD SUPPORT FOR THE REMAINING MINOR CHILD.
 III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ORDERING DEFENDANT-APPELLANT TO PAY $634.83 PER MONTH SPOUSAL SUPPORT.
 IV. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN NOT FINDING THE DAUGHTER WAS EMANCIPATED BEFORE HER GRADUATION ON JUNE 5, 1999.
 V. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN NOT MAKING IT CLEAR TIFFANY'S CHILD SUPPORT ENDED JUNE 5, 1999, AND ORDERING OVERPAYMENT RETURNED TO DEFENDANT-APPELLANT OR CREDITING THE OVERPAYMENT TO SPOUSAL SUPPORT.
 VI. THE TRIAL COURT ERRED IN NOT MODIFYING THE TEMPORARY ORDERS EFFECTIVE FEBRUARY 15, 1999, WHEN KEVIN WAS RETURNED TO THE CUSTODY OF DEFENDANT-APPELLANT.
 VII. THE TRIAL COURT ERRED IN FINDING THE PLAINTIFF APPELLEE HAD REACHED HER MAXIMUM EARNING CAPACITY AND THAT SHE LOST INCOME PRODUCING CAPACITY BECAUSE OF HER RESPONSIBILITY FOR THE CHILDREN.
 VIII. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN AWARDING PLAINTIFF-APPELLEE ONE OF THE TDD'S.
 IX. THE TRIAL COURT ERRED AND ABUSED TIS DISCRETION IN ORDERING DEFENDANT-APPELLANT TO ASSUME $20,468.00 IN MEDICAL BILLS.
Any other facts necessary to the resolution of each assignment of error will be addressed within.
 I
In his first assignment of error, appellant maintains the trial court erred in not specifically ruling on appellant's objections to the magistrate's decision. We agree. Civ.R. 53 governs magistrates' decisions. It provides in pertinent part:
(E) Decisions in referred matters
* * *
(4) Court's action on magistrate's decision
 (a) When effective. The magistrate's decision shall be effective when adopted by the court. The court may adopt the magistrate's decision if no written objections are filed unless it determines that there is an error of law or other defect on the face of the magistrate's decision.
 (b) Disposition of objections. The court shall rule on any objections. The court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter. The court may refuse to consider additional evidence proffered upon objections unless the objecting party demonstrates that with reasonable diligence the party could not have produced that evidence for the magistrate's consideration.
(Emphasis added).
Civ.R. 53(E)(4) requires a trial court to rule on any objections. Because of the mandatory language used in the statute and due to the chronology of the rule's requirements, we find the trial court was required to rule on objections to the magistrate's decision before adopting, rejecting, or modifying said decision. The Judgment Entry indicates the trial court recognized appellant's objections to the magistrate's decision, but failed to specifically rule on said objections. Appellee argues this Court should read the trial court's silence on each objection to mean each of appellant's objections had been overruled. But for the mandatory nature of the above cited rule, we would adopt that inference under the presumption of regularity. However, in light of the mandatory nature of the rule and the fact the trial court did not specifically address any of appellant's objections, we sustain appellant's first assignment of error.
 II, III, IV, V, VI, VII, VIII, IX
In light of our disposition of assignment of error one, the remaining assignments of error are premature. The October 26, 1999 Judgment Entry/Decree of Divorce of the Delaware County Court of Common Pleas is vacated. We remand this matter to the trial court to rule on appellant's objections and then redetermine the underlying divorce.
GWIN, P.J. and EDWARDS, J.